# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                  Case No. 06-10461-DHW
                                                       Chapter 13
DILLYA DAVIS,

      Debtor.

## MEMORANDUM OPINION

Summit Credit Union ("Summit") objects to the confirmation of the chapter 13 plan proposed by Dillya Davis ("Davis" or "debtor"). Summit contends that the debtor's plan improperly strips down its secured claim bifurcating it into secured and unsecured components.

### Jurisdiction

The court's jurisdiction in this matter is derived from 28 U.S.C. § 1334 and from the order of the District Court for this district referring title 11 matters to the Bankruptcy Court. Further, because the issue concerns the confirmation of a plan, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), thereby extending this court's jurisdiction to the entry of a final order or judgment.

### Factual Findings

In April 2005, the debtor and her husband purchased a 2005 Chevrolet Impala. Summit financed the purchase and took a security interest in the vehicle. The debtor and her husband are co-makers on the note and co-owners on the certificate of title. The debtor's husband traded-in his vehicle for the Chevrolet. The contract interest rate is 17.9%.

Although the vehicle was purchased in both their names, only the debtor's husband uses the Chevrolet. He drives it to and from

work. The debtor drives her 1997 Ford Expedition exclusively. The debtor does not even have a set of keys to the Chevrolet.

Both Davis and her husband are employed. The debtor's income alone, however, is not enough to both fund her chapter 13 plan and defray her other living expenses. Instead, her income will be used to fund the chapter 13 plan, and she will rely upon her husband's income to meet her other living expenses.

The debtor's chapter 13 plan makes provision for the claim of Summit.[1] Under the plan, Summit's claim of approximately $18,000 is treated as secured to the extent of the value of the Chevrolet Impala which is fixed at $14,800. The balance of the claim is treated as unsecured, and unsecured creditors will receive nothing under the plan. Further, the plan provides for interest to accrue on the secured portion of the claim at the rate of 8.75 %.

Legal Conclusions

Recently, the bankruptcy law was amended with respect to how the claims of certain secured creditors must be treated under chapter 13 plans.[2] The Code now provides:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [sic] preceding the date of

---

[1] In the debtor's plan, Summit is referred to as Centrix Finance. The court assumes that Summit and Centrix Finance are one and the same entity or that Summit is Centrix Finance's assignee.

[2] The *Bankruptcy Abuse Prevention and Consumer Protection Act of 2005* (Pub. L. No. 109-8) became effective as to cases filed on or after October 17, 2005.

2

the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in Section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

11 U.S.C. § 1325(a) (hanging, unnumbered paragraph at the end of the subsection).

This court, in two recent cases, has held that the effect of this provision is to prevent the bifurcation of qualifying claims into secured and unsecured components. *See In re Horn*, 338 B.R. 110 (Bankr. M.D. Ala. 2006); *In re Wright*, 338 B.R. 917 (Bankr. M.D. Ala. 2006).

In another recent decision, this court held that a vehicle, which was not acquired for the debtor's personal use but rather for the use of a non-debtor spouse, did not invoke the provisions of the § 1325(a) hanging paragraph. *See In re Morris*, Case No. 06-10251 (Bankr. M.D. Ala. Aug. 15, 2006).

Summit contends that the facts in the case *sub judice* are distinguishable from those in *Morris*. Specifically, Summit points out that the debtor in the instant case relies on her husband's income to defray her living expenses. The husband uses the vehicle to drive to and from work to earn his income. Therefore, the debtor's partial reliance on her husband's income results in the debtor's having an indirect use of the Chevrolet. The court disagrees.

There are no relevant factual distinctions in this case from those in *Morris.* In *Morris*, the debtor was *totally* dependent on his spouse's income. The debtor was disabled, had no income of his own, and relied exclusively upon the income of his non-debtor spouse both to fund the plan and defray all other expenses. Hence, the degree of the debtor's economic independence from his non-

3

debtor spouse had no bearing on the *Morris* decision. Neither does it have a bearing on the decision in the case at bar.

Rather, the plain language of the statute controls. In order for the provisions of the § 1325(a) hanging paragraph to apply, the vehicle must have been purchased for the "personal use of the debtor." In this case, as in *Morris*, the vehicle was purchased for another's use, hence that provision of the statute is inapplicable. *See In re Jackson*, 338 B.R. 923 (Bankr. M.D. Ga. 2006); *In re Lewis*, 347 B.R. 769 (Bankr. D. Kan. 2006). It follows that the debtor's plan may properly bifurcate the claim of Summit into its secured and unsecured portions.[3]

Conclusion

For these reasons, a separate order will enter overruling Summit's objection to the confirmation of the debtor's chapter 13 plan and ordering that the plan be confirmed.

Done this the 8th day of December, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
Michael D. Brock, Debtor's Attorney
Michael E. Bybee, Creditor's Attorney
Curtis C. Reding, Chapter 13 Trustee

---

[3] As in *Morris*, the court notes that the debtor's husband is a co-debtor on the obligation to Summit. Pursuant to 11 U.S.C. § 1301, the court, on motion of a party in interest, must grant relief from the co-debtor stay to the extent that the claim is not being paid in full under the debtor's plan.

4